**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **JOHN DOE** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No.  4:21-cv-00658-O** |
| | § | |
| **UNIVERSITY OF NORTH TEXAS** | § | |
| **HEALTH SCIENCE CENTER, et al.,** | § | |
| | § | |
| **Defendants.** | § | |

## ORDER AND OPINION

Before the Court are Plaintiff's Motion to Alter or Amend the Judgment and Memorandum and Brief in Support (ECF No. 71), filed July 21, 2023; and Defendants' Response (ECF No. 76), filed August 1, 2023. For the reasons contained herein, Plaintiff's Motion is hereby **DENIED.**

On June 23, 2023, the Court granted Defendants Frank Filipetto, Emily Mire, and Thomas Moorman's (sued in their individual capacity) Motion for Summary Judgment (ECF No. 55).[1] The same day, the Court issued its Final Judgment, dismissing Plaintiff's claims with prejudice.[2] On July 21, 2023, Plaintiff filed his Motion to Alter or Amend the Judgment and Memorandum and Brief in Support.[3] On July 25, 2023, the Court ordered Defendants to file a response to Plaintiff's Motion.[4] Defendants filed their Response on August 1, 2023.[5] The Motion is now ripe for the Court's review.

### I.      Legal Standard

Rule 59(e) applies to motions filed within twenty-eight days of the ruling sought to be modified, whereas Rule 60(b) applies to later-filed motions. *Banister v. Davis*, 140 S. Ct. 1698,

---

[1] *See* Order on Summary Judgment, ECF No. 69.
[2] Final Judgment, ECF No. 70.
[3] Pl. Mot., ECF No. 71.
[4] *See* Order, ECF No. 74.
[5] Defs. Resp., ECF No. 76.

1703 (2020); *United States v. Garrett,* 15 F.4th 335, 339 (5th Cir. 2021). Plaintiff filed his motion within twenty-eight days of the Court's judgment and, therefore, seeks relief under Rule 59(e).[6]

A motion to alter or amend the judgment under Rule 59(e) "calls into question the correctness of a judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (citation omitted). Under Rule 59(e), amending a judgment is appropriate (1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact. *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 (5th Cir. 2012) (citing *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003)). A Rule 59(e) motion may not be used to relitigate issues that were resolved to the movant's dissatisfaction. *Forsythe v. Saudi Arabian Airlines Corp.*, 885 F.2d 285, 289 (5th Cir. 1989). A Rule 59(e) motion may not raise arguments or present evidence that could have been raised prior to entry of judgment. *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990) (citation omitted).

District courts have "considerable discretion in deciding whether to grant or deny a motion to alter a judgment." *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995). In exercising this discretion, a district court must "strike the proper balance between the need for finality and the need to render just decisions on the basis of all the facts." *Id.* With this balance in mind, the Fifth Circuit has observed that Rule 59(e) "favor[s] the denial of motions to alter or amend a judgment." *Southern Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993). Stated another way, "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479.

---

[6] Pl. Mot. 2–3, ECF No. 71.

## II.      Analysis

Plaintiff contends that the Court should amend its judgment on Defendants' Motion for Summary Judgment because he avers it contains manifest errors of law or fact, and he states there is newly discovered evidence that was previously unavailable.

### A.  Manifest Error of Law or Fact

Plaintiff contends that the Court's judgment on Defendants' Motion for Summary Judgment contains manifest errors of law and fact.[7] "Manifest error' is one that 'is plain and indisputable, and that amounts to a complete disregard of the controlling law." *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004) (quoting *Venegas–Hernandez v. Sonolux Records*, 370 F.3d 183, 195 (1st Cir. 2004)) (citing BLACK'S LAW DICTIONARY 563 (7th Ed.1999) (other citations omitted)); *see also Bank One, Texas, N.A. v. F.D.I.C.*, 16 F. Supp. 2d 698, 713 (N.D. Tex. 1998) ("[A] 'manifest error' is an obvious mistake or departure from the truth.").

Plaintiff first argues that Defendants "misconstrued the facts at issue in this case."[8] In particular, Plaintiff points to the Court's prior language finding that Plaintiff's pleaded facts supported his due process and equal protection claims at the motion to dismiss stage.[9] He contends that these same facts were not addressed by Defendants at the summary judgment stage.[10] He concludes that there is substantial evidence gave rise to genuine issues of material fact with regard to his claims, and therefore, summary judgment should have been denied.[11]

As Defendants highlight, the Court utilizes different standards at the motion to dismiss versus the summary judgment stage.[12] "[A] Rule 12(b)(6) . . . motion only entails an examination of the sufficiency of the pleadings. In contrast, a summary-judgment motion typically is based on

---

[7] Pl. Mot. 3, ECF No. 71.
[8] Pl. Mot. 3, ECF No. 71.
[9] *Id.* at 3–6.
[10] *Id.*
[11] *Id.* at 6.
[12] Defs. Resp. 3, ECF No. 76.

the pleadings as well as any affidavits, depositions, and other forms of evidence relevant to the merits of the challenged claim or defense that are available at the time the motion is made." Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 2713 (4th ed. 2018). Therefore, that the Court previously found that certain factual allegations, taken as true, were sufficient to support Plaintiff's claims at the motion to dismiss stage while finding that the same facts do not create a genuine issue of material fact at the summary judgment stage is not a manifest error of law or fact.

Plaintiff further contends that Defendants' Motion for Summary Judgment should have been denied as to his due process claim because there were issues of material fact regarding the July 2017 emails.[13] Plaintiff contends that the Court failed to consider questions of fact concerning the procedural adequacy of the emails to provide "sufficient notice and a meaningful opportunity to respond."[14] Plaintiff also asserts that, even if the emails were procedurally proper to provide sufficient notice, the email notices were not substantively adequate to provide the requisite notice because the emails failed to specify what precise conditions had not been met to trigger the hearing in the first place.[15]

The Court acknowledges a potential fact issue as to whether Plaintiff received the requisite notice of the faculty's dissatisfaction with his clinical progress and the danger posed to his continued enrollment as Plaintiff asserted he was not checking his student email account during his leave of absence.[16] However, Defendants in this case asserted qualified immunity.[17] When a

---

[13] Pl. Mot. 6, ECF No. 71.

[14] Id. at 6–7.

[15] Id. at 7.

[16] As noted in the Court's Order on Summary Judgment, the Supreme Court has stated that, in cases of academic dismissals, due process requirements are met where a university "fully inform[s] [the student] of the faculty's dissatisfaction with her clinical progress and the danger that this pose[s] to timely graduation and continued enrollment." *Board of Curators of University of Missouri v. Horowitz*, 435 U.S. 78, 85 (1978).

[17] *See* Defs. Brief in Support of Mot. for Summary Judgment 17–20, ECF No. 56.

defendant asserts qualified immunity, "the burden is on the plaintiff to demonstrate the inapplicability of the defense." *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir.2002) (en banc) (per curiam). Where Plaintiff establishes a potential violation of a constitutional right, the Court then asks whether the right was clearly established at the time of the government official's alleged misconduct. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). "A right is 'clearly established' if its contours are 'sufficiently clear that a reasonable official would understand that what he is doing violates that right.'" *Cozzo v. Tangipahoa Par. Council--President Gov't*, 279 F.3d 273 (5th Cir. 2002) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)).

While the Court concluded that Plaintiff's constitutional rights had not been violated, the Court alternatively concluded that Defendants were entitled to qualified immunity as Defendants did not violate clearly established law.[18] Plaintiff failed to show that his due process right was so clearly established that a reasonable official in Defendants' position would have known that by sending the email notices to Plaintiff's school-affiliated student email address, they would not be providing Plaintiff with the requisite notice. Furthermore, Plaintiff failed to show that a reasonable officer in Defendants' position would know that the contents of the email notices would not provide the requisite notice to Plaintiff. Ultimately, the Court finds Plaintiff fails to establish a manifest error of law or fact as to the Court's analysis of Plaintiff's claims. Plaintiff is not entitled to relief based on these arguments.

### B.  Previously Unavailable Evidence

Plaintiff lastly contends that the Court's Order should be modified because of "additional evidence that was withheld by Defendants and was only discovered after Doe filed his Response to Defendants' Motion for Summary Judgment.[19] "If a party seeks to upset a summary judgment

---

[18] Order on Summary Judgment 9, 12, ECF No. 69.
[19] Pl. Mot. 9, ECF No. 71.

on the basis of evidence that was not timely presented, the district court must balance the following factors: (1) the reasons for the failure to file the evidence in a timely fashion; (2) the importance of the evidence to the moving party's case; (3) whether the evidence was available before the summary judgment decision was made; and (4) the likelihood that the non-moving party will suffer prejudice if the motion to alter is granted." *Hale v. Townley*, 45 F.3d at 921.

> Plaintiff, in a request for production, had tendered the following request:

> Produce all documents and communications authored by Emily Mire regarding her research, publications, and opinions (whether personal, professional, or academic in nature) regarding mental health issues and disorders.[20]

Plaintiff states he later discovered that Defendants had not produced an article entitled *Mental Health in Grad School*, which was published online by UNTHSC on February 18, 2019.[21] The article quotes Defendant Emily Mire about her opinions on mental health issues.[22] Plaintiff asserts that Defendant Mire's quoted professional opinions and actions directly contradict what Dr. Mire testified to in her deposition.[23] Plaintiff concludes that the article emphasizes the difference in treatment that he received compared to other UNTHSC students, supporting that Defendant Mire treated him differently because she believed he was depressed and/or had bipolar disorder.[24]

This document was discoverable prior to summary judgment as it was published in February 2019. Further, this article was not "authored" by Defendant Mire, but rather, by a Jan Jarvis.[25] Therefore, by the terms of the request for production, Defendants did not wrongfully withhold this document. The Court finds the document does not create a fact issue as to whether Plaintiff was treated the same as other UNTHSC students on leave of absences based on a

---

[20] *Id.* at 9.
[21] *Id.* at 10 (citing Pl. Appx. Ex. A, ECF No. 73).
[22] *Id.* at 10.
[23] *Id.*
[24] *Id.*
[25] Pl. Appx. Ex. A, ECF No. 73.

disability. Furthermore, Defendants would suffer prejudice is the motion to alter was granted on this point. Therefore, the Court finds Plaintiff is not entitled to relief based on this evidence.

### III.   Conclusion

For the reasons contained herein, the Court **DENIES** Plaintiff's Motion to Amend the Judgment (ECF No. 71). The Court's Final Judgment (ECF No. 70), issued on June 23, 2023, remains unchanged.

**SO ORDERED** on this **14th day** of **August, 2023.**

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

7